UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Robert L. Murray,  )
    Petitioner,  )
                    )
    v.  )    Cause No. __3:23-cv-176__
                    )
John Galipeau, Warden  )
    Respondent,  )

## **VERIFIED PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS**

1. Name and location of prison disciplinary hearing body that determined guilt and recommended loss of credit time: **CAB (Conduct Adjustment Board) at Westville Correctional Center**.

2. Date of guilt determination and imposition of sanctions: **July 5th, 2022**.

3. Sanctions imposed: **30 days loss of Phone/Commissary, 30 days loss of earned credit time, demoted One (1) credit class, and 90 days segregation. (See attached Exhibit #B)**.

4. Nature of all infractions or rule violations involved: **Class (A) 111/113 Attempting to Traffick. (See attached Exhibit #A)**.

5. What was your plea? **NOT GUILTY**

6. If you pled not guilty, what kind of disciplinary hearing did you have? **Screening by Ofc. Mrs. Salyer**.

7. Did you testify at your disciplinary hearing? **Yes**

1 | M u r r a y

8. Did you appeal the guilt determination and imposition of sanctions? **Yes**

9. If you did appeal, answer the following:

    (a) Name and title of institutional reviewing authority: **Deputy Warden Kenneth Watts.**

    (b) Result of appeal: **Denied.**

    (c) Date of appeal: **Appeal filed on July 15th, 2022. (See attached Exhibit #C).**

    (d) Grounds Raised: **Miss Salyer denied Murray his Due Process right to a fair and impartial hearing at least 24 hours after receiving written notice; Miss Salyer violated Murray's Fourteenth Amendment Due Process rights when she found him guilty of an unsubstantiated disciplinary infraction without properly investigating the offense, and while relying entirely on the investigating officers report alone; and there was Insufficient Evidence to find Murray guilty of Class (A) 111/113 Attempting to Traffick.**

10. If you sought review of any denial of your appeal from higher than the institutional level, answer the following:

    (a) Name and title of higher reviewing authority: **Elise Gallagher.**

    (b) Result of higher appeal: **Denied based on no response.**

    (c) Date of appeal: **Sent on August 19th, 2022 (See attached Exhibit #D); Resent on September 5th, 2022 after receiving a response from the Facility Head. (See attached Exhibit #E).**

    (d) Grounds Raised: **Miss Salyer denied Murray his Due process right to a fair and impartial hearing at least 24 hours after receiving written notice; Miss Salyer violated Murrays Fourteenth Amendment Due Process rights when she found him guilty of an unsubstantiated disciplinary infraction without properly investigating the offense; and**

**there was Insufficient Evidence to find Murray guilty of Class (A) 111/113 Attempting to Traffick.**

11. State **concisely** every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment.

A. Ground One: **Miss Salyer denied Murray his Due Process right to a fair and impartial hearing at least 24 hours after receiving written notice.**

On July 5th, 2022, Robert L. Murray #962841 was screened for Class (A) 111/113 Attempting to Traffick. After reviewing the conduct report Murray said Miss Mapps lied in her Investigation Report when she said he admitted guilt to her, and that he wished to plead **Not Guilty**. Murray went on to ask for Miss Conley to be his witness against the charge; and for the video evidence of his interview with Miss Mapps as proof that he did not admit to sending money to Ofc. Malissa Conley. Murray learned later that Miss Salyer had in fact entered a plea of guilty against his wishes and imposed sanctions against him. Miss Salyers actions violated both state and federal law. An offender may waive his right to a hearing only if that waiver is done in writing, or if a staff witness witnesses the offender refuse to sign said waiver. Neither of the two were done in Murrays case. As such, Murray was denied his Due Process right to a fair hearing at least 24 hours after receiving written notice.

B. Ground Two: **Miss Salyer violated Murrays Fourteenth Amendment Due Process rights when they found him guilty of an unsubstantiated disciplinary infraction without properly investigating the offense.**

On July 5th, 2022, Robert L. Murray #962841 was screened for Class (A) 111/113 Attempting to Traffick. After reviewing the conduct report Murray said Miss Mapps lied in her Investigation Report when she said he admitted guilt to her, and that he wished to plead **Not Guilty**. Murray went on to ask for Miss Conley to be his witness against the charge; and for the video evidence of his interview with Miss Mapps as proof that he did not admit to sending money to Ofc. Malissa Conley. Murray learned later that Miss Salyer had in fact entered a plea

of guilty against his wishes and imposed sanctions against him. The decision maker did not include or consider Murrays statement that investigating officer Miss Kenneva Mapps fabricated this report and her Investigation Report in retaliation for Murrays 1st Amendment free speech activity in not having information to disclose against other offenders. This exculpatory evidence would have changed the outcome of the hearing.

" A hearing officer cannot refuse to consider an inmate's evidence simply because other evidence supports a finding of guilt." *Ellison v. Zatecky, 820 F.3d 271, 274 (7th Cir. 2016)*. The denial of evidence here was therefore a violation of Murrays Due Process rights.

This exculpatory evidence would have changed the outcome of Murrays hearing. *Piggie v. Mcbride, 277 F.3d 922, 925 ( 7th Cir. 2002)* ( " Prisoners are entitled to have exculpatory evidence disclosed unless its disclosure would unduly threaten institutional concerns.")


Prison disciplinary hearings satisfy procedural Due Process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. See *Wolff v. McDonnell, 418v U.S. 539, 563-69, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); Cain v. Lane, 857 F. 2d 1139, 1145 (7th Cir. 1988)*.

Not only must the requirements of Wolff be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence". *Black v. Lane, 22 F. 3d 1395, 1402 (7th Cir. 1994)*. To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson, 224 F. 3d 649 (7th Cir. 2000)*. Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan, 485 F. 3d 934, 941 (7th Cir. 2007)*. The adjustment committee must adequately identify the evidence it relies on for its decision; it is constitutionally insufficient to merely incorporate the investigating officer's report. *Redding v. Fairman, 717 F.2d 1105, 1114-15 (7th Cir. 1983) (citing Hayes v. Walker, 555 F.2d 625 (7th Cir. 1977))*.

Here, Plaintiff has alleged that his disciplinary hearing was constitutionally deficient

because he was falsely listed as having pleaded guilty, thus depriving him of an opportunity to present a defense, and because the committee relied solely on the investigating officer's report in lieu of conducting their own investigation. At this stage, plaintiff has adequately pleaded that he was deprived of Due Process.

C. Ground Three: **There was Insufficient Evidence to support the guilty finding for Class (A) 111/113 Attempting to Traffick.**

Mr. Murray was notified of the charge on July 5th, 2022, when he was served with the conduct report and the notice of disciplinary hearing.

The screening officer conducted a disciplinary hearing on the same day of screening. Murray stated at his hearing that Miss Mapps "lied when she said I admitted to giving Ofc. Malissa Conley money." Murray went on to ask for Ofc. Conley as his only witness, and the video evidence of his interview with Miss Mapps to prove he never confessed to the investigator. Based on Mr. Murray's statement, the staff report and the transcript of three (3) phone conversations, the hearing officer determined that Mr. Murray had violated code number 111/113. The sanctions imposed included 30 days loss of phone/commissary, 30 days loss of earned credit time, demoted one (1) credit class, and 90 days segregation.

Mr. Murray argues the evidence does not support the guilty finding. Specifically, he argues that the conduct report does not support the charge of Attempting to Traffick or engaging in Trafficking because the definition for trafficking states a physical object must be brought into or taken out of the facility.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." See *Moffat v. Broyles*, 288 F. 3d 978, 981 (7th Cir. 2002) ( hearing officer in prison disciplinary case " need not show culpability beyond a reasonable doubt or credit exculpatory evidence.") The " some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999)*.

Mr. Murray was charged with a violation of code number 111/113 conspiracy, attempting,

aiding or abetting/trafficking. These offenses are defined by the Indiana Department of Correction as:

| 111 | **Conspiracy/Attempting/Aiding or Abetting** | |

Attempting by one's self or with another person or conspiring or aiding and Abetting with another person to commit any Class A offense.

| 113 | **Trafficking** | 233, 306, 353, 361 |

Engaging, in trafficking ( as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility.

Indiana Code Section 35-44.1-3-5(b) states:

A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:

(1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;

(2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or

(3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or a child of a jail work crew or community work crew; commits trafficking with an inmate, a Class (A) misdemeanor.

Here, the evidence is that Mr. Murray asked his sister to give someone one hundred (100) dollars for "some girls". However, the facts set forth in the conduct report do not provide any evidence that the "girls" Murray spoke of meant Suboxone.

While the reporting officer stated in the conduct report that Mr. Murray was using coded language to "arrange illegal transactions," the officer's statement is not evidence that the transactions Mr. Murray was arranging involved bringing items into or out of the prison. Given the array of possible meanings of the word girls, Mr. Murray may have been urging his sister Latoyia Hurst to assist him with his support for her dance teams "Elite Armor Dance Team.Com and Queen of Diamonds.Com which happens to be all-girls dance teams owned by his sister Latoyia Hurst, or with other unauthorized financial transactions, but that is not what he was charged with. There are no facts in the conduct report or the call transcripts that support that Mr. Murray conspired to have someone bring an item into or out of the facility, as the definition of trafficking requires. Therefore, the evidence is insufficient to support the guilty finding in this action.

12. If any of the grounds listed in 11A, B, C, or D were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them: **All grounds were previously presented**.

13. Do you have any petition or appeal pending in any court or administrative agency, either state or federal, as to the disciplinary proceeding under attack? **No**.

14. Give the names and identification numbers of any offenders or titles of any staff or lay advocates who represented you in the following stages of disciplinary proceedings under attack:

   (a) Disciplinary hearing: **No One**.
   (b) Institutional level appeal: **None are permitted**.
   (c) Higher level appeal: **None are permitted**.

15. I, Robert L. Murray, declare under penalty of perjury that the foregoing facts are true and accurate to the best of my knowledge.

Wherefore, the petitioner prays that the court grant him relief, dismissing this case, to which he may be entitled in this proceeding.

Dated: 2-28-2023

7 | Murray

Petitioner, *pro se*

Robert L. Murray #962841
Westville Correctional Facility
5501 South 1100 West
Westville, Indiana 46391

## ACKNOWLEDGEMENT

STATE OF INDIANA  )
                 )
COUNTY OF LA PORTE )

**SUBSCRIBED TO AND SWORN** before me this, 28 day of February, 2023, a Notary Public in and for said County, that Robert L. Murray, personally appeared, and known to me to be the man whose name subscribed and acknowledged to be said person.

Donya R. Sonnenberg [Seal];
Notary Public Signature



DONYA R SONNENBERG
Notary Public, State of Indiana
Laporte County
Commission Number NP0734733
My Commission Expires
July 08, 2029

Copies mailed to:

Clerk of the Indiana Appellate Court
216 State House
200 West Washington St.
Indianapolis IN, 46204

Attorney General of Indiana
Ind. Gov. Center S, 5th Floor
402 West Washington St.
Indianapolis IN, 46204

Respectfully Submitted

*Robert Murray*

Name: Robert Murray   DOC #: 962841
Westville Correctional Facility
5501 South 1100 West
Westville, Indiana 46391